**IN THE COURT OF APPEALS OF IOWA**

No. 17-0182
Filed April 19, 2017

**IN THE INTEREST OF M.S.,**
**Minor Child,**

**J.B., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

Erin E. Mayfield of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her child, M.S. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2016).[1] The mother argues the State failed to prove the statutory grounds for termination by clear and convincing evidence.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). When a court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re M.W.*, 876 N.W.2d at 219 (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother complains the court failed to adequately credit her for participating more in the present case than she did in the child-in-need-of-assistance (CINA) and termination cases involving her older children. She contends her minimal participation in this case demonstrates she was showing improvement and that, with time, she could have addressed the court's concerns. She also complains the State did not meet its burden of proof because it only presented exhibits—including copies of the order terminating the mother's parental rights to her three oldest children, the current Iowa Department of

---

[1] The juvenile court also terminated the father's parental rights; he does not appeal.

Human Services (DHS) case plan and report to the court, an update from the mother's therapist, a report regarding her substance-abuse treatment, the results from a recent positive drug screening, and reports prepared by the Family Safety, Risk, and Permanency service provider—and did not present any testimonial evidence.

In the case involving the mother's three oldest children, the mother had no interest in establishing and maintaining sobriety and rarely participated in recommended services or court proceedings. The mother gave birth to M.S. in April 2015, only a few months after her parental rights to her older children were terminated.[2] DHS became involved shortly after M.S.'s birth given the mother's history and prior involvement in CINA and termination actions. The mother was dishonest with DHS about her use of illegal substances, and no court action was initiated with regard to M.S., although DHS offered services to the mother. However, in August, the mother tested positive for methamphetamine and amphetamine. M.S. was removed from her custody and adjudicated CINA.

We recognize the mother has made some limited progress in this case; however, she has still only minimally participated in the recommended services. She has been dishonest about her use of illegal substances and continued to struggle with substance-abuse issues, testing positive for methamphetamine as recent as two months before the termination hearing in December 2016.

We have carefully reviewed the record, the briefs of the parties, and the juvenile court's ruling. Upon our de novo review, we agree with the juvenile

---

[2] The mother's parental rights were terminated as to her three oldest children in January 2015, pursuant to Iowa Code section 232.116(1)(b), (d), (e), (f), (h), and (i).

court's conclusion the State proved the grounds for termination by clear and convincing evidence and termination is in the child's best interests. Accordingly, we affirm the juvenile court's order without further opinion, pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**